UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Michael Cornelius, | ) | C/A No. 3:08-2557-MJP-BM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Report and Recommendation |
| | ) | |
| City of Columbia, Columbia, South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |

_____

This action has been filed by the plaintiff, *pro se.*[1] Plaintiff alleges this court has jurisdiction to hear his claims, *inter alia*, pursuant to 28 U.S.C. § 1332.

Specifically, the plaintiff alleges the defendant engaged in a pattern and practice of "employment mistreatments" and subjected him to a hostile workplace environment in which he was assaulted, slandered, harassed, and intimidated. Plaintiff alleges that personnel records were altered, and that he was given false disciplinary "write-ups" and negative job performance evaluations. Plaintiff claims that the defendant did not follow the procedures set out in the employee handbook, and that he was wrongfully terminated. Plaintiff alleges these events caused him to seek psychological treatment and that he must take daily medication for treatment of depression and anxiety. Plaintiff also alleges that the defendant has prevented him from obtaining other employment because he has been labeled a "trouble maker." Plaintiff asks this Court to enjoin the defendant from making any future defamatory statements about the plaintiff, and asks that all

---

[1] This case was automatically referred to the undersigned United State Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636 (b)(1) (A) and (B) and Local Rule 73.02 (B)(2)(d) and (e), D.S.C.. The defendant has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



defamatory statements be removed from his personnel file. He also seeks damages.

This is the third case this plaintiff has filed raising substantially similar claims. The defendant has filed a motion to dismiss pursuant to Rule 12(b)(1) and (6) and Rule 12(h)(3), FRCP, based upon lack of jurisdiction, failure to state a claim upon which relief may be granted, and sovereign immunity. As the plaintiff is proceeding *pro se*, a *Roseboro* order was issued by the Court on August 1, 2008, advising plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. Plaintiff was specifically advised that if he failed to respond adequately, the defendants' motion may be granted, thereby ending his case.

In response to the *Roseboro* order, plaintiff filed a response in opposition to the defendant's motion to dismiss on August 4, 2008. Plaintiff maintains that this Court has "Proper" jurisdiction and supplemental jurisdiction over his claims. He also alleges the defendant is not entitled to sovereign immunity.

When considering a motion to dismiss pursuant to Rule 12, the Court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." *Southmark Prime Plus L.P. v. Falzone*, 776 F. Supp. 888, 890 (D.Del. 1991); (quoting *Turbe v. Government of Virgin Islands*, 938 F. 2d 427, 428 (3rd Cir. 1991)). Additionally, the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). As the plaintiff is proceeding *pro se*, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, *Cardio-Medical Associates Ltd. V. Crozer-Chester Medical Center*, 536 F. Supp. 1065, 1072 (E.D. Pa. 1982), the requirement of liberal construction does not mean that the



Court can ignore a clear failure in the pleadings to allege facts which set forth a new federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

Based on a review of the file in this matter under the standard to be applied to the defendant's motion to dismiss, the undersigned finds and concludes that the defendant is entitled to dismissal of this case. First of all, the diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00):

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between–
>
> (1) citizens of different States[.]

28 U.S.C. § 1332.

Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978). This court has no diversity jurisdiction in this case because all parties in the above-captioned case are "residents" of the State of South Carolina. Hence, complete diversity of parties is absent in the above-captioned case, and diversity jurisdiction is, therefore, lacking.

In his response to defendant's motion, plaintiff talks about how the defendant has violated his rights under Title VII, 42 U.S.C. § 2000e, et. seq. However, plaintiff has not asserted any title VII claims in this case. Furthermore, plaintiff has previously set out his discrimination claims before this Court in his other cases, and the Court is currently considering them.[2] *See Aloe Creme*

---

[2] See Civil Action Numbers 3:08-2508-MJP-BM and 3:06-3215-MJP-BM



*Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) [This Court may take judicial notice of its own files and records.]. This Court has "no duty to grind the same corn" a third time. *Aloe Creme Laboratories, Inc. v. Francine Co.*, *supra*, 425 F.2d at 1296. *See also United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992).

## **Conclusion**

Based on the foregoing, it is recommended that the Defendant's motion be **granted**, and that this case be **dismissed**. The parties are referred to the Notice Page attached hereto.

Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
August 13, 2008



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

