# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA
### COLUMBIA DIVISION

| | |
|---|---|
| Michael Cornelius, ) | Civil Action No.: 3:08-cv-2557-MJP |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| City of Columbia, Columbia, South ) | |
| Carolina, et al. ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court pursuant to a report and recommendation submitted by United States Magistrate Judge Bristow Marchant, to whom it was referred for review under 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rules. This matter was filed by the Plaintiff Michael Cornelius ("Plaintiff"), *pro se*, against his former employer, Defendant City of Columbia, Columbia, South Carolina, et al. ("Defendant"), alleging a pattern and practice of mistreatment against him as an employee. In his Complaint, Plaintiff seeks to have this Court order the Defendant to remove false statements, disciplinary actions, negative performance evaluations, and employment termination from his personnel file and requests damages for slander and libel per se.

## PROCEDURAL HISTORY

The Plaintiff filed the current action *pro se* on July 16, 2008. In his Complaint, the Plaintiff alleges that Defendant engaged in a list of practices of employment mistreatment, including creation of a hostile workplace environment, altering personnel documents, preparing false disciplinary write-ups and performance evaluations, harassment and intimidation, failing to follow employee handbook policies, libel and slander, and failure to investigate an alleged assault by a supervisor. (Compl, p.2). This is the third case Plaintiff has filed in this Court

raising substantially similar claims, and Plaintiff's other two cases are still currently pending.[1]

On July 30, 2008, Defendant filed a Motion to Dismiss pursuant to Rule 12(b)(1) and (6) and Rule 12(h)(3) FRCP based on the following grounds: (1) lack of jurisdiction; (2) failure to state a claim upon which relief can be granted; and (3) sovereign immunity. As the Plaintiff is proceeding *pro se*, a Roseboro order was issued by the Court on August 1, 2008, advising Plaintiff of summary judgment and dismissal procedures and possible consequences of a failure to respond. On August 4, 2008, Plaintiff filed a response in opposition to Defendant's motion to dismiss, wherein he maintained that this Court has "proper" jurisdiction. On August 13, 2008, a report and recommendation was issued by United States Magistrate Judge Bristow Marchant, recommending that Defendant's motion to dismiss be granted. Plaintiff filed objections to the report and recommendation on September 16, 2008.

## DISCUSSION

The applicable standard of review for this Court is clear. The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. Matthews v. Weber, 423 U.S. 261 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. 28 U.S.C. § 636(b)(1)(C). While the level of scrutiny entailed by the Court's review thus depends on whether or not objections have been filed, the Court is free, after review, to accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the

---

[1] See Civil Action Numbers 3:06-3215-MJP-PJG and 3:08-2508-MJP-PJG

2

matter to him with instructions.  Wood v. Schweiker, 537 F. Supp. 660, 661 (D.S.C. 1982).

In this case, the Magistrate Judge recommends that the Defendant's motion to dismiss be granted.  The Magistrate Judge makes several findings in support of his recommendation.  First, the Magistrate Judge points out that complete diversity of parties is absent in this case.  All parties to the action are residents of South Carolina, and therefore this Court does not have diversity jurisdiction pursuant to 28 U.S.C. §1332.

Second, the Magistrate Judge finds that although Plaintiff's response to the Defendant's motion to dismiss discusses how the Defendant violated his rights under Title VII, 42 U.S.C. §2000(e), et. seq., the Plaintiff has not asserted any Title VII claims in this case.  The only claims made by Plaintiff in his current Complaint are claims for declaratory relief and damages for slander and libel per se. (Compl. pp.5-6).  The Magistrate Judge goes on to state that the Plaintiff has previously set forth his discrimination claims in two other cases currently pending before this Court,[2] and the Court has "no duty to grind the same corn" a third time. *citing* Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970).

On September 16, 2008, the Plaintiff filed objections to the Magistrate Judge's report and recommendation.  First, Plaintiff argues that he mistakenly referenced diversity jurisdiction under 28 U.S.C. §1332 in his initial Complaint, but he meant to characterize his case as one with jurisdiction under 28 U.S.C. §1331.  The remainder of the Plaintiff's response and objections to the report and recommendation consists of a recitation of the same facts and allegations contained in his Complaint.

---

[2]See Civil Action Numbers 3:08-2508-MJP-PJG and 3:06-3215-MJP-PJG

3

This Court has reviewed the complete record in this matter. Upon careful consideration of the pleadings, the evidence of record, the report and recommendation, and the objections, the Court agrees with the recommendation of the Magistrate Judge that Defendant's motion to dismiss be granted. The Plaintiff has not established subject matter jurisdiction, either through diversity jurisdiction under 28 U.S.C. §1332 or federal question jurisdiction under 28 U.S.C. §1331. There is not complete diversity of the parties in this case, and Plaintiff failed to raise any actions in his Complaint that arise under the Constitution, laws, or treaties of the United States. As mentioned above, Plaintiff did not raise any Title VII claims in the current Complaint, and any claims he has arising under those statutes should be dealt with in his other cases currently pending before this Court.[3] Since Plaintiff cannot establish jurisdiction before this Court, Defendants' motion is granted and the action is hereby dismissed.

**IT IS SO ORDERED**.

SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina

March 9, 2009

---

[3] See Civil Action Numbers 3:08-2508-MJP-PJG and 3:06-3215-MJP-PJG